**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

HILDA BEATRIZ VALENCIA FLORES,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

Case No. 5:26-cv-04938-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On August 26, 2026, Petitioner Hilda Beatriz Valencia Flores ("Petitioner") filed a verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Warden of Adelanto ICE Processing Center, et al. (Dkt. 1.) On September 4, 2026, Respondents filed Federal Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") in which Respondents state, "Respondents are not presenting an opposition argument at this time." (Dkt. 11 at 2.) For the reasons that follow, the Court grants the Petition and orders Respondents to immediately release Hilda Beatriz Valencia Flores (A# 205-271-870) from the Adelanto Ice Processing Center.

## II. FACTUAL AND LEGAL BACKGROUND

Petitioner has lived in the United States for 23 years. (Dkt. 1 at 6.) In June

2012, Petitioner filed a U Visa application and Withholding of Removal application. (*Id*. at 5.) Petitioner's applications remain pending. (*Id*.) Petitioner contends that when ICE released her in 2012, ICE determined that she was not a danger or flight risk. (*Id*. at 6.) On August 20, 2026, Petitioner alleges that ICE detained her without notice and a hearing. (*Id*. at 2.) Petitioner alleges that since her release over 14 years ago, there has not been a material change of circumstances that would justify her detention. (*Id*. at 6.)

On August 26, 2026, Petitioner filed the Petition. (Dkt. 1.) Petitioner alleges her re-detention violates the procedural due process requirements of the Fifth Amendment and the substantive due process requirements of the Fifth Amendment, among other things. (*Id*. at 6.) Petitioner seeks immediate release from custody, and an order that Respondents not re-detain her without providing at least seven days notice and a pre-deprivation hearing before an immigration judge. (*Id*. at 7.)

On September 4, 2026, Respondent filed the Answer. (Dkt. 11.) In the Answer, Respondents' state, "Petitioner filed a Petition for Writ of Habeas Corpus on August 26, 2026. Respondents are not presenting an opposition argument at this time." (*Id*. at 2.)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the

evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner's requested relief is an order granting the Petition and that Petitioner be released immediately. (Dkt. 1 at 6-7.) In the Answer, Respondents plainly state, "Respondents are not presenting an opposition argument at this time." (Dkt. 11 at 2.) Given Respondents' concession, nothing more need be said. *See Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing the government's failure to oppose argument raised by habeas petitioner as a concession). Given Respondents' non-opposition and the absence of procedural safeguards accorded to Petitioner in advance of detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as prior to detention.

## V. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Hilda Beatriz Valencia Flores (A# 205-271-870) immediately under the same conditions as Petitioner was released prior to Petitioner's re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from Petitioner when Petitioner was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

///

///

///

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: September 7, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge